WILLIAM D. KELLY, PROSECUTOR, v. OLIVER B. MERRILL
ET AL., POLICE PENSION FUND COMMISSIONERS OF
THE CITY OF SUMMIT, DEFENDANTS.

Decided May 18, 1923.

### Pensions—Police—Act of 1920—Right to Notice and Hearing— Proof of Membership of Force.

On *certiorari*.

Argued before a single justice.

For the prosecutor, *Alfred A. Stein*.

For the defendants, *Corra N. Williams*.

BERGEN, J.  The prosecutor filed his petition with the
police pension commission of the city of Summit February
6th, 1921, praying to be retired with a pension from his office
of policeman under chapter 160 (*Pamph. L.* 1920), which
was denied, and this writ was allowed to review that action.
The minutes of defendant show: "Petition of William Kelly,
residing at 32 Park avenue, dated February 6th, 1921, asking
for retirement on pension was read, and after discussion of
the facts in the case, petition was refused, as William Kelly
was not a member of the police at the time the act went into
effect, nor had he been in any way connected with it since."
The prosecutor was not present, nor notified that his applica-
tion was to be considered on the day the action was taken
nearly two years after it was filed.  No evidence was taken or
hearing of any sort afforded prosecutor.  The statute provid-
ing for the retirement of members of the police department
(*Pamph. L.* 1920, *p.* 324) provides *inter alia* that any mem-
ber of the police department in any municipality, who shall
receive any injury resulting in permanent disability, in the
performance of his duty, which shall incapacitate him shall,

upon the certificate of the municipal physician, or of one designated for that purpose by the pension commission, be retired with a pension.

This authorizes the retirement of any police officer permanently incapacitated as aforesaid, without regard to his desires, but the same section (2) of the act further provides that if any such member of the police department shall desire to retire, because of any injury or disease, he shall apply to the commission, who shall call to their aid the physician of the department, and that the applicant may call to his aid any regularly licensed physician, and that they, or that of any other person called with respect to the matter, may be sworn "before the commission shall determine, by resolution, whether the said person [applicant] is entitled to the benefits of this act." This clearly intends that the applicant shall have a hearing, with opportunity to prove the facts on which his application is based, and one of them is his membership of the police force. It is not denied that he was duly appointed a policeman in 1905 and served as such until 1917, from which period his connection with the department is a disputed question of fact. It is admitted that he was not removed from his office by the municipal authorities, but the commissioners assumed that he had impliedly resigned, or abandoned his office, without proof of any fact to support it. What the commission did was to hold the petition without action for nearly two years, and then without notice to the applicant, decided that he was not a member of the police force, and, therefore, not entitled to the benefit of the act. This was a judicial act determined against the prosecutor without a hearing, or notice that one would be afforded him.

This is contrary to the settled law relating to such proceeding. The action denying prosecutor's application will be set aside in order that he may have a proper hearing before it is determined against him.

The resolution under review will be set aside, with costs.